IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORDERO WILLIAMS, #M01168,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02586-SMY |
| | ) |
| **JOHN DOE 1-6 and** | ) |
| **CURRENT WARDEN OF CENTRALIA** | ) |
| **CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 claiming constitutional deprivations stemming from an inmate attack that occurred at Centralia Correctional Center on September 19, 2024. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 11). Plaintiff was allowed to proceed with an Eighth Amendment claim against six unknown defendants (John Doe 1-6) for allegedly failing to protect him. *Id*.

The Current Warden of Centralia Correctional Center was added as an official capacity defendant for purposes of responding to discovery aimed at identifying John Doe 1-6. After Centralia's warden appeared, the Court entered a Doe Identification Order requiring Plaintiff to identify the unknown defendants by first and last name in a motion for substitution to be filed on or before May 30, 2025. (Doc. 20). Plaintiff was warned that failure to identify the defendants by this deadline would result in dismissal of any unidentified defendant or the entire action, if none were identified. *Id*. at 3 (citing FED. R. CIV. P. 41).

Plaintiff was also ordered to pay the initial partial filing fee of $21.26 by May 30, 2025. Alternatively, he could file documentation demonstrating his inability to make payment by the same deadline. The Court warned Plaintiff that failure to comply with this Order by the deadline also provided grounds for dismissing this action. (Doc. 20, pp. 1, 3) (citing FED. R. CIV. P. 41).

Plaintiff missed the deadline on May 30, 2025. He did not seek an extension of time to identify the defendants or pay the initial partial filing fee. Plaintiff also failed to respond to the Court's Order to Show Cause why this case should not be dismissed for his failure to prosecute the claims, in spite of a warning that the case would be dismissed if he failed to respond by June 20, 2025. (Doc. 22). That deadline expired two weeks ago, and Plaintiff still has not responded.

Accordingly, this case is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 20 and 22 and his failure to prosecute his claims against Defendants John Doe 1-6. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 7, 2025**               *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**